**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREW SCHNEIDER,**

        **Plaintiff,**

   v.                                   1:11-CV-382
                                            (NAM/RFT)

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

Law Firm of Alex Dell                    Jennifer L. Storm, Esq.
450 New Karner Road
Albany, New York 12205
*For Plaintiff*

Mary Ann Sloan                           Andreea Lechleitner,
Acting Regional Chief Counsel          Special Assistant U.S. Attorney
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
*For Commissioner*

**Hon. Norman A. Mordue, U.S. District Judge**

### MEMORANDUM DECISION AND ORDER

**I.    INTRODUCTION**

      On April 6, 2011, plaintiff Andrew Schneider filed a complaint appealing the decision by defendant Michael J. Astrue, Commissioner of Social Security, to deny his application for disability insurance benefits. Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), which permits any individual, following a final decision by the Commissioner,

to "obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision". The Commissioner moves to dismiss the complaint on the ground that it is untimely because it was filed eighty-nine days after the Appeals Council issued the final decision in this matter. Plaintiff opposes the motion to dismiss.

## II. FACTS

On July 18, 2008, plaintiff filed an application for disability insurance benefits. The application was denied initially on June 10, 2009. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). On July 20, 2010, the ALJ issued a decision finding that prior to July 24, 2007, based on, *inter alia*, his age and capacity for sedentary work, plaintiff was not disabled. The ALJ further found, however, that as of July 24, 2007, "the date the claimant's age category changed," plaintiff was disabled and entitled to benefits. Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. On January 7, 2011, the Appeals Council issued a notice denying plaintiff's request for review. The Appeals Council mailed a copy of the notice to plaintiff and his attorney.[1]

Plaintiff asserts that he did not receive the notice from the Appeals Council until February 7, 2011, when his attorney called the Social Security Administration for an update. Plaintiff's attorney states that "after learning a decision was issued a month prior," she "complained that neither I nor Plaintiff received such a decision and insisted one be faxed to me immediately." On April 6, 2011, plaintiff filed a complaint appealing the Commissioner's final decision.

## III. DISCUSSION

### A. Timeliness

---

[1] *See* Declaration by Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Dkt. No. 7-2.

2

A final decision of the Social Security Administration must be appealed to United States District Court within sixty days of the claimant's receipt of notice of the decision. 42 U.S.C. § 405(g). The applicable regulation states that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

Defendant argues that even assuming plaintiff did not receive notice of the Appeals Council's decision until February 7, 2011, because he still had thirty days to initiate a civil action "he should have requested an extension . . . from the Appeals Council" if he needed more time. Pursuant to § 422.210(c), however, the sixty day clock does not start until the Claimant receives the final decision. *See Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (sixty day period begins to run when the claimant receives notice of the Appeals Council's decision); *Liranzo v. Comm'r of Soc. Sec.*, 411 Fed. Appx. 390, 391 (2d Cir. 2011) ("The applicable regulation starts the clock when an individual receives a notice of denial from the Appeals Council"). Receipt is presumed to occur "5 days after the date of such notice". 20 C.F.R. § 422.210(c). Claimants may, however, rebut that presumption by making a "reasonable showing" that they did not receive the notice within five days. *Id.* Thus, if plaintiff makes a "reasonable showing" that he did not receive the notice within five days of issuance then: the sixty day time period would not begin to run until February 7, 2011, the date plaintiff claims he first received the notice, *see Matsibekker*, 738 F.2d at 81 ("the limitations period runs from the time of receipt, not the time of mailing); plaintiff's complaint, filed fifty-eight days later, would be timely; and, no extension would have been necessary. Accordingly, the Court must determine whether plaintiff has made a

"reasonable showing" that he did not receive the notice within five days of the date of issuance.

"The case law has been consistent within the Second Circuit that there is some burden on a claimant to make a 'reasonable showing to the contrary' of the five-day presumption within § 422.210(c), beyond mere allegations in his or her complaint. *Rodriguez v. Astrue*, 2012 WL 662323, at *2 (D.Conn. Feb. 22, 2012); *see also Johnson v. Comm'r of Soc. Sec.*, 519 F.Supp. 2d 448,449 (S.D.N.Y. 2007) ("Although the complaint alleges that [plaintiff] received the Appeals Council's decision [thirty-three days after it was issued], there is nothing on record to rebut the presumption of receipt of the notice of denial within five days of its issuance.") (citation omitted).

In support of the motion to dismiss, the Commissioner submitted a declaration by Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, stating that "[o]n January 7, 2011, the Appeals Council sent, by mail addressed to the plaintiff . . . with a copy to the representative, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt". Dkt. No. 7-2. Thus, defendant asserts, the sixty day time period began to run five days later on January 12, 2011, and expired on March 14, 2011,[2] well before plaintiff filed his complaint on April 6, 2011.

In opposition, plaintiff claims that neither he nor his counsel received the notice until February 7, 2011, when the Social Security Administration faxed the Appeals Council decision to his attorney. This claim, however, is made by plaintiff's attorney in her "Reply to Motion to Dismiss", and is unverified. Indeed, plaintiff submitted no affidavits, declarations, or other evidence showing that he did not receive the notice from the Appeals Council within five days of

---

[2] March 13, 2011 was a Sunday.

its issuance.  Thus, plaintiff has failed to rebut the presumption that he received the notice from the Appeals Council within five days of its issuance, and the complaint is time-barred.  *See Cruz v. Astrue*, No. 11–CV–199 (ARR), 2012 WL 314869, at *2 (E.D.N.Y. Feb. 1, 2012) (dismissing the complaint as untimely where plaintiff provided "no supporting evidence[ ]" that she did not receive the Appeals Council's notice until six-months of date of notice other than her allegations in her complaint to that effect, whereas defendant submitted affidavit that notice was in fact mailed on date it was issued, so that requirements of § 422.210(c) were not met).  Accordingly, the Commissioner's motion to dismiss the complaint as untimely is granted.

### B.     Equitable Tolling

Alternatively, plaintiff argues that the sixty day time period is subject to equitable tolling. Plaintiff asserts that he has:

> through his attorneys . . . been diligently pursuing his rights by attempting to file the federal action and following up with the Clerk of the Court regarding technological difficulties that prevented such filings and was prevented from filing within the 60 day period . . .due to extraordinary circumstances, namely the inability to transmit the material electronically.

Dkt. No. 10.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). In this case, however, plaintiff presents no evidence whatsoever in support of his claim that he has acted diligently and extraordinary circumstances prevented him from filing the complaint.  Moreover, plaintiff does not detail the "technological difficulties" or explain how they prevented him from filing the complaint.  In view of the conclusory nature of plaintiff's unverified assertions, the

5

Court finds that they do not meet the legal standards for equitable tolling and that no evidentiary hearing is warranted. *Cf.*, *Torres*, 417 F.3d at 276 (concluding that "the district court's failure to conduct an evidentiary hearing was [an abuse of discretion] since [the plaintiff's] sworn averments of fact, though disputed, meet the legal standards for equitable tolling.").

### IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** the Commissioner's motion to dismiss the complaint (Dkt. No. 7) as untimely is granted; and it is further

**ORDERED** that the complaint is dismissed without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Date:   April 25, 2012

_____

Honorable Norman A. Mordue
U.S. District Judge